IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BASMA JAFAR

v.                        C.A. NO. 14-6411

WELLS FARGO BANK, N.A.-BARNETT

**FILED**
APR 1 5 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM OPINION**

SCHMEHL, J.                                                 APRIL 15, 2015

This action was originally commenced by plaintiff in the Court of Common Pleas of Lehigh County, then removed by defendant to this court on the basis of federal question and diversity jurisdiction. Plaintiff claims she was terminated by the defendant in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Presently before the Court is the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is granted.

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint has facial plausibility when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009). A court must accept all

for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements are to be disregarded. Santiago v. Warminster Twp., 629 F. 3d 121, 128 (3d Cir. 2010).

Plaintiffs bringing discrimination claims under Title VII, the ADEA and the ADA must exhaust their administrative remedies by filing an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 164-65 (3d Cir. 2013); Hildebrand v. Allegheny County, 757 F.3d 99, 111 (3d Cir. 2014)(applying the administrative remedies of Title VII to ADEA claim) *petition for cert. filed on other grounds*, No. 14-363 (Sept. 25, 2014); Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999) (applying the administrative remedies of Title VII to ADA claims).

According to the Complaint, plaintiff was terminated from her employment with defendant on April 15, 2013. (Compl. ¶ 5). As a result, April 15, 2013 was the last day, plaintiff could have been subject to any acts of discrimination by defendant. See Hipp. v. Liberty Mutual Ins. Co., 252 F.3d 1205, 1222 n.12 (11th Cir. 2001). Yet, plaintiff did not file her charge with the EEOC until March 28, 2014, some 347 days after the date of her termination (ECF 6).[1] Under the

---

[1] "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v Belichick, 605 F.3d 223, 230 (3d Cir. 2010)(citation omitted). The Court considers plaintiff's EEOC charge, filed by defendant as ECF 6, as an undisputedly authentic document upon which plaintiff's claims are

2

above-cited authority, plaintiff's charge was untimely and therefore she did not exhaust her administrative remedies. Because plaintiff did not exhaust her administrative remedies, her federal claims under Title VII, the ADEA and the ADA must be dismissed.

Plaintiff attempts to resurrect her claims by arguing for the first time in her opposition brief that defendant continued to discriminate against her after she was terminated by opposing her request for unemployment benefits which the Commonwealth of Pennsylvania denied on May 7, 2013 (ECF 10).[2] According to plaintiff, the 300-day period should not begin to run until June 20, 2013, the date on which plaintiff ultimately received unemployment benefits after her appeal was resolved in her favor.

Post-employment events, such as plaintiff's compensation proceedings, are simply not actionable events of discrimination. See, e.g., Riley v. Tulsa Cnty. Juvenile Bureau, No. 08-195, 2010 U.S. Dist. LEXIS 14662, at *10-11 n. 2 (N.D. Okla. Feb 19, 2010) ("[T]here must be an employer/employee relationship in order for there to be actionable discrimination...The termination of employment puts at rest the employment discrimination because the discharged individual is no longer an employee")(internal quotation marks & brackets omitted), aff'd, 421 F. App'x 781 (10th Cir. 2010); Velez v. QVC, Inc., 227 F.Supp. 2d 384, 398 (E.D. Pa. 2002)("when an employee is terminated, the employment relationship ends" and "the reasons for allowing employees to claim a continuing discriminatory policy are removed")(internal quotation marks &

---

based.

[2] Based on the same reasoning in Footnote #1, *supra*, the Court finds that the document denying plaintiff's claim for unemployment compensation benefits, attached to plaintiff's opposition brief at ECF 10-2, is also an undisputedly authentic document that may be considered by the Court in deciding a Rule 12(b)(6) motion.

brackets omitted).

In any event, plaintiff admits that defendant did not oppose her appeal of the initial denial of unemployment benefits, and that she prevailed in her appeal and was ultimately awarded benefits (ECF 10.) Thus, plaintiff clearly was not damaged in any way by defendant's initial denial of her request for unemployment benefits.

Plaintiff has also asserted a common law claim against the defendant for wrongful discharge. Under Pennsylvania law, an at-will employee may have an action for wrongful discharge if "he was terminated in violation of a significant, clearly mandated public policy." Freeman v. McKellar, 795 F. Supp. 733, 741 (E.D. Pa. 1992)(citations omitted). "This is an exception to the general rule that employers may terminate at-will employees at any time for any reason, and is very narrowly construed." Id. (citations omitted). Regarding this exception, however, "[i]t is well-settled that the courts will not entertain a separate common law action for wrongful discharge where specific statutory remedies are available." Jaques v. Akzo Int'l Salt Inc., 619 A.2d 748, 753 (Pa. Super. 1993) (citations omitted). "It is the existence of the remedy, not the success of the statutory claim, which determines preemption." Id.

Here, plaintiff has already availed herself of three statutory remedies to pursue her claims of discrimination (Title VII, the ADEA and the ADA). The fact that these statutory remedies are available to plaintiff (even though her claims under these statutes are untimely), precludes her common law claim for wrongful discharge.

Plaintiff has also asserted common law claims for negligent infliction of emotional distress and intentional infliction of emotional distress. The Pennsylvania Workmen's Compensation Act ("WCA") is the exclusive source of an employer's liability for covered

4

injuries. See 77 P.S. § 481(a). The Act encompasses any "injury arising in the course of employment" including injuries resulting from intentional torts. Poyser v. Newman & Co., 522 A.2d 548, 550 (Pa. 1987). The statute, however, excludes from coverage any injury intentionally caused by a third party motivated by factors personal to the victim. The pertinent inquiry is whether the attack causing the injury arose out of "personal or business related animosity." See Shaffer v. Proctor & Gamble, 604 A.2d 289, 292 (Pa. Super. 1992).

A claim for negligent infliction of emotional distress is clearly outside the third-party intentional attack exclusion and is barred by the WCA. See, e.g., Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) (WCA bars claims for negligent infliction of emotional distress arising out of an employment relationship); Mulligan v. United Parcel Serv. Inc., 1995 WL 695097, at *2 (E.D. Pa. Nov. 16, 1995) (same).

With regard to plaintiff's claim for intentional infliction of emotional distress, the Court need not decide whether the alleged actions arose out of "personal or business related animosity" to meet the exclusion of the WCA. Even if plaintiff could satisfy this exclusion, she would still have to show her employer's conduct was of an "extreme and outrageous type." Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3d Cir. 1988). Our Court of Appeals has observed, "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery" for intentional infliction of emotional distress. Id. at 395. Moreover, "the cases in our district have consistently held that highly provocative racial slurs and other discriminatory incidents do not amount to actionable outrageous conduct." Coney v. Pepsi Cola Bottling Co., 1997 WL 299434, at *1 (E.D. Pa. May 29, 1997). Because plaintiff's only basis for her claim consists of alleged actions of her bank

5

manager making derogatory comments about her religious beliefs and ethnic background (Compl. ¶ 10), refusing to let plaintiff take time off for religious observances and pray during lunch breaks (Compl. ¶¶ 11-12), ululating while pretending to be a belly dancer (Compl. ¶ 13) and mocking her alleged disability (Compl. ¶ 25), plaintiff has failed to state a claim for intentional infliction of emotional distress.